UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:03-CR-168 |
| | § | |
| SCOTT BRIAN TREMBLAY | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed July 25, 2007, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

### I. The Original Conviction and Sentence

Defendant was sentenced on October 9, 2003, before The Honorable Howell Cobb, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of inmate in possession of a prohibited object, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprison-

ment range, based on a total offense level of 4 and a criminal history category of VI, was 6 to 12 months. Defendant was subsequently sentenced to 12 months imprisonment to be served consecutive to defendant's imprisonment in Case No. 3:97-CR-277-K (02), followed by 3 years supervised release to be served concurrently with defendant's supervised release in Case No. 3:97-CR-277-K (02), subject to the standard conditions of release, plus special conditions to include defendant shall not commit any offense against a foreign state or nation; and a $100 special assessment.

## II. The Period of Supervision

On December 13, 2004, defendant completed his period of imprisonment and began service of the supervision term. Defendant's case was later reassigned to The Honorable Marcia A. Crone, U.S. District Judge for the Eastern District of Texas, on July 13, 2007.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on July 25, 2007. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Mandatory Condition: | Defendant shall not illegally possess a controlled substance. |
| Mandatory Condition: | Defendant shall refrain from any unlawful use |

> of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer

As grounds, the petition alleges that on April 18, 2007, defendant urinated in a public place, the parking lot of the U.S. Probation Office in Garland Texas, a Class A misdemeanor punishable by a fine not to exceed $500. In addition, on August 9, 2005, March 20, 2006, April 4, 2006, March 19, 2007, March 24, 2007, and March 27, 2007, defendant submitted urine specimens which tested positive for methamphetamine. Both violations resulted in the revocation of defendant's term of supervised release in Case No. 3:97-CR-277-K (02), and he was sentenced to serve 8 months in the Bureau of Prisons.

### IV.  Proceedings

On January 9, 2008, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a mandatory condition of supervised release by committing another federal, state, or local crime. In exchange for defen-

dant's plea of "true," the court should revoke defendant's supervised release and impose eight (8) months imprisonment to be served concurrently with his imprisonment term in Case No. 3:97-CR-277-K (02), with credit for time served commencing May 3, 2007.  Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by committing another federal, state, or local crime.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class D felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by committing another federal, state, or local crime, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade

C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by committing another federal, state, or local crime. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 8 to 14 months imprisonment upon revocation.

**<u>Conclusion:</u>**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by committing another federal, state, or local crime. As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1.   The court should find that defendant violated a mandatory condition of supervised release, by committing another federal, state, or local crime, in the manner alleged in the petition.

2.  The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3.  Defendant should be sentenced to a term of imprisonment of eight (8) months to be served concurrently with his imprisonment term in Case No. 3:97-CR-277-K (02), with credit for time served commencing May 3, 2007.

### OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __10__ day of January, 2008.

_____
Earl S. Hines
United States Magistrate Judge